IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dereck G. Williams<br>2485 Keystone Drive<br>Waldorf, MD  20601<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER´RYAN DEVLIN<br>Metropolitan Police Department<br>100 42nd Street, NE,<br>Washington D.C. 20019<br><br>and<br><br>OFFICER MICHAEL O'HARRAN<br>Metropolitan Police Department<br>100 42nd Street, NE,<br>Washington D.C. 20019<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff, Dereck Williams, by and through his attorney, Anitha Johnson, Esquire, and ODELUGO & JOHNSON, LLC., and files this Complaint against Defendants Officer Ryan Devlin and Officer Michael O'Harran, in the above titled action. In support thereof, Plaintiff states the following:

## PARTIES AND JURISDICTION

1.   This action arises under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1981-1988.  This Court has jurisdiction pursuant

to 28 U.S.C. §1331, 1332, 1343, and the aforementioned Constitutional and statutory provisions.  Plaintiff also invokes the pendent jurisdiction of this Court to adjudicate claims under Federal law, 28 U.S.C. §1367.

2.    Plaintiff is an adult citizen of the United States residing in Waldorf, Maryland.

3.    At all times relevant to this matter, Defendant Officer Ryan Devlin was employed by the Metropolitan Police Department of the District of Columbia. Plaintiff brings this action against Defendant Officer Ryan Devlin in both his individual and official capacities.

4.    At all times relevant to this matter, Defendant Officer Michael O'Harran was employed by the Metropolitan Police Department of the District of Columbia. Plaintiff brings this action against Defendant Officer Michael O'Harran in both his individual and official capacities.

## FACTS

5.    On October 9, 2011, at approximately 3:00 a.m., Plaintiff Dereck Williams was driving along the 900 block of Division Avenue, NE, in Washington D.C.

6.    While crossing the intersection of Division Avenue and Nannie Helen Burroughs, Mr. Williams slowed down because of potholes and ongoing construction on the road's asphalt. Officer Devlin was at the adjacent light of Nannie Helen Burroughs. As

Mr. Williams crossed the intersection of Nannie Helen Bourroughs and Division Avenue where the construction site was located, Officer Devlin proceeded through the red light signal to follow Mr. Williams north on Divison Avenue. Officer Devlin followed Mr. Williams for approximately two blocks before turning on his emergency lights.

7.   Mr. Williams promptly pulled over at Jay and Division Avenue. The traffic stop was unwarranted and lacked reasonable suspicion because Plaintiff did not violate any traffic laws at that time.

8.   Mr. Williams pulled over right away. Officer Devlin approached Mr. Williams' vehicle and asked where he was going. Mr. Williams responded that he just left his grandmother's house and was on his way to drop off his cousin, whom was in the passenger seat of Mr. Williams' car.

9.   Officer Devlin asked who the owner of the vehicle was and Mr. Williams replied that the vehicle belonged to him.

10.   Officer Devlin stated that he was certain Mr. Williams "either had drugs or weapons in the car because nobody in that area drives a Mercedes at 3:00 a.m. without engaging in some illegal activity."

11.   On or around that same time, Officer O'Harran arrived on the scene to assist Officer Devlin with the traffic stop.

12.   Officer Devlin asked for Mr. Williams' license, registration, and proof of insurance. Mr. Williams gave Officer Devlin his license and insurance card. Mr. Williams instructed his cousin, whom was in the passenger seat, to reach in the glove compartment to retrieve his registration. At that time, Mr. Williams asked Officer Devlin why he was pulled over.

13.   Officer Devlin ignored his question and ordered him to get out of the car. Again, Mr. Williams asked why he was pulled over. Officer Devlin told him to "get the fuck out of the car" and began opening the driver-side door.

14.   Mr. Williams exited the car and Officer Devlin conducted a frisk. Mr. Williams was then instructed to sit on the stairs in front of the church.

15.   Again, Mr. Williams asked why he was pulled over. Officer Devlin ignored Mr. Williams' question and asked if Mr. Williams had any weapons or drugs in his car. Mr. Williams replied that he did not.

16.   Officer Devlin asked Mr. Williams if he had anything to drink that night. Mr. Williams replied that he had a drink several hours before, around 11:30pm or 12:00am. Officer Devlin asked if Mr. Williams would consent to a field sobriety test. Mr. Williams said that he would comply.

17.   At that point, Officer Devlin ordered Mr. Williams to give him the keys to the car. Mr. Williams asked why the

Officers were harassing him for no reason. Officer Devlin began
approaching Mr. Williams in an intimidating manner.

18.   Fearing that Officer Devlin was going to punch him,
Mr. Williams slightly turned his back so that he would not be
hit in the face. At that point, Officer Devlin grabbed Mr.
Williams' neck and, together with Officer O'Harran, threw Mr.
Williams to the ground and placed him in handcuffs.

19.   Officer Devlin and Officer O'Harran began punching,
kicking, stomping, and slamming Mr. Williams' head to the ground
despite the fact that Mr. Williams was already in handcuffs.

20.   When other responding officers arrived at the scene,
they also began beating Mr. Williams. Officer Devlin then
sprayed pepper spray into Mr. Williams' eyes and mouth. Officer
Devlin ordered Mr. Williams to stand up or that they would stand
him up.

21.   Mr. Williams asked for an ambulance. Instead, Mr.
Williams had restraints placed on his legs. Mr. Williams was
stood up and placed in the back of a police van. Mr. Williams
was then transported to United Medical Center.

22.   While at the hospital, Mr. Williams asked the
attending Officer if he could have his handcuffs loosened. The
attending Officer demanded Mr. Williams to give a urine sample
or else he would not loosen the handcuffs. The officer then told

Mr. Williams that if he did not give a urine sample, his vehicle would be seized.

23.   Subsequently, Mr. Williams was taken to the police station and processed.

## COUNT I – VIOLATIONS OF 42 U.S.C. §1983: ARREST

### (Defendant Officer Devlin)
### (Defendant Officer O'Harran)

24.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23 into this count as if fully set forth.

25.   At all relevant times, the conduct of the Defendants were subject to 42 U.S.C. §1983, 1986, and 1988.

26.   Defendant Officer Devlin made an unnecessary traffic stop in an attempt to harass Mr. Williams.

27.   Defendants Officer Devlin and Officer O'Harran falsely stated that Mr. Williams attempted to run away from them.

28.   Neither Defendants Officer Devlin nor Officer O'Harran advised Mr. Williams of his rights at any time following the arrest.

29.   The arrest was made without reasonable grounds for the Defendants to believe that Mr. Williams committed an offense and the Defendants knew that there was no probable cause to arrest Mr. Williams.

30.   Acting under the color of law, Defendants Devlin and O'Harran worked together to deny Mr. Williams his rights, privileges, or immunities secured by the Constitution of the United States or by Federal law:

(a)   by depriving Mr. Williams of his liberty without due process of law, by taking him into custody and holding him there against his will;

(b)   by making an unreasonable search and seizure of his property without due process of law;

(c)   by refusing or neglecting to prevent such deprivations and denials to Mr. Williams, thereby depriving Mr. Williams of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and;

(d)   by conspiring for the purpose of impeding and hindering the due course of justice with the intent to deny Mr. Williams equal protection of laws.

31.   As a result of the concerted unlawful and malicious arrest by Defendants Officer Devlin and Officer O'Harran, Plaintiff Dereck Williams was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C §1983.

WHEREFORE, Plaintiff demands as follows:

a.    Judgment against Defendants Devlin and O'Harran for compensatory damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

b.    Judgment against Defendants Devlin and O'Harran, for punitive damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

c.    Judgment against Defendants Officer Devlin and Officer O'Harran for reasonable attorneys fees, costs and such further relief as this Court deems proper.

## COUNT II - VIOLATIONS OF 42 U.S.C. §1983: DETENTION AND CONFINEMENT/FALSE IMPRISONMENT

**(Defendant Officer Devlin)**
**(Defendant Officer O'Harran)**

32.    Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 31 into this count as if fully set forth.

33.    As a result of their concerted unlawful and malicious detention and confinement of Mr. Williams, Defendants Officer Devlin and Officer O'Harran deprived Plaintiff Dereck Williams of both his rights to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

34.   As a direct and proximate result of the wrongful detention, Plaintiff has suffered injuries, severe humiliation, mental anguish, and loss of self-esteem.

WHEREFORE, Plaintiff demands as follows:

a.   Judgment against Defendants Devlin and O'Harran for compensatory damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

b.   Judgment against Defendants Devlin and O'Harran for punitive damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

c.   Judgment against Defendants Devlin and O'Harran for reasonable attorneys fees, costs and such further relief as this Court deems proper.

## COUNT III – VIOLATIONS OF 42 U.S.C. §1983: CONSPIRACY

**(Defendant Officer Devlin)**
**(Defendant Officer O'Harran)**

35.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 into this count as if fully set forth.

36.   Defendants Officer Devlin and Officer O'Harran: (a) had an object to be accomplished; (b) had an agreement on the object and course of action; (c) performed one or more unlawful and overt acts; and (d) caused Mr. Williams damages as a direct result of those acts.

37. In furtherance of their object, Defendants Officer Devlin and Officer O'Harran committed unlawful and overt acts against Mr. Williams including, but not limited to: (1) bringing false charges against Mr. Williams, (2) falsely arresting Mr. Williams, and (3) physically assaulting and using excessive force against Plaintiff Dereck Williams.

38. Defendants Officer Devlin and Officer O'Harran misrepresented that Plaintiff Dereck Williams attempted to flee from the Officers during the incident.

39. Defendants Officer Devlin and Officer O'Harran misrepresented that Plaintiff Dereck Williams was driving under the influence.

40. Following the arrest, Defendant Devlin falsely cited Mr. Williams for "passing a stop sign".

41. Defendants Officer Devlin and Officer O'Harran agreed that the object or course of action was to arrest, detain, and confine Mr. Williams without probable cause, and to maliciously charge and prosecute him with crimes.

42. Plaintiff Dereck Williams suffered damages as a result of the Defendants' acts.

43. As result of Defendants Officer Devlin and Officer O'Harran's concerted unlawful and malicious conspiracy, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the

due course of justice that was impeded in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands as follows:

a.   Judgment against Defendants Devlin and O'Harran for compensatory damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

b.   Judgment against Defendants Devlin and O'Harran for punitive damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS); and

c.   Judgment against Defendant Devlin and O'Harran for reasonable attorneys fees, costs and such further relief as this Court deems proper.

## COUNT IV – VIOLATIONS OF 42 U.S.C §1983: DEPRIVATION OF CIVIL RIGHTS

44.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43 into this count as if fully set forth.

45.   The actions of Defendants Officer Devlin and Officer O'Harran deprived Plaintiff of rights, privileges, and immunities under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

46.   As a direct and proximate result of Defendants Officer

Devlin's and Officer O'Harran's actions, Plaintiff Dereck Williams suffered and continue to suffer mental anguish, psychological and emotional distress, and physical pain and suffering.

WHEREFORE, Plaintiff demands as follows:

a.   Judgment against Defendants Officer Devlin and Officer O'Harran for compensatory damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

b.   Judgment against Defendants Officer Devlin and Officer O'Harran for punitive damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS); and

c.   Judgment against Defendants Officer Devlin and Officer O'Harran for reasonable attorneys fees, costs and such further relief as this Court deems proper.

## COUNT V - MALICIOUS PROSECUTION

### (Defendant Officer Devlin)
### (Defendant Officer O'Harran)

47.   Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 46 into this count as if fully set forth.

48.   Defendant Officers Devlin and O'Harran instituted criminal proceedings against the Plaintiff.

49.   The proceedings terminated in favor of Plaintiff.

50.   There was no probable cause for the proceedings.

51.  The statement of actual facts presented to a prosecutor would not have led a reasonable person in that position to believe or entertain a suspicion that Plaintiff was guilty.

52.  The prosecution was instituted with malice or at least for some purpose other than to bring the Plaintiff to justice.

53.  Furthermore, the actions of the Defendants were motivated by ill will, hatred, evil intent, and were otherwise malicious.

54.  As a direct and proximate result of the Defendant Officers' malicious prosecution of Plaintiff, Plaintiff has incurred, and will continue to incur legal fees, emotional distress, embarrassment, humiliation and loss of self-esteem.

WHEREFORE, Plaintiff demands as follows:

a.  Judgment against Defendants Devlin and O'Harran for compensatory damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

b.  Judgment against Defendants Devlin and O'Harran for punitive damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS); and

c.  Judgment against Defendants Devlin and O'Harran for reasonable attorneys fees, costs and such further relief as this Court deems proper.

## COUNT VI - ASSAULT AND BATTERY

### (Defendant Officer Devlin)
### (Defendant Officer O'Harran)

55.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 51 into this count as if fully set forth.

56.   The aforementioned acts and conducts of the Defendants described constitute the use of unnecessary or wanton force, and assault and battery.

57.   Defendants Officer Devlin and Officer O'Harran did intentionally physically restrain with the reckless and/or malicious intention of creating an imminent fear of grave bodily harm in the Plaintiff and with the apparent present ability to inflict said harm.

58.   Defendants Officer Devlin's and Officer O'Harran's actions complained of herein constituted an unwanted touching of the Plaintiff's person.

59.   Plaintiff suffered severe physical injury as a direct and proximate result of the conduct of Defendants Officer Devlin and Officer O'Harran.

WHEREFORE, Plaintiff demands as follows:

a.   Judgment against Defendants Devlin and O'Harran for compensatory damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

b.    Judgment against Defendants Devlin and O'Harran for punitive damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS); and

c.    Judgment against Defendants Devlin and O'Harran for reasonable attorneys fees, costs and such further relief as this Court deems proper.

Respectfully submitted,

ODELUGO & JOHNSON, LLC.

Anitha Johnson
6525 Belcrest Rd., Suite 612
Hyattsville, MD 20782
(301) 832-3020
Fax: (301) 832-3029
ajohnson@odelugojohnson.com
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on the issues set forth in this Complaint.

Anitha Johnson
*Counsel for Plaintiff*