# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DERECK G. WILLIAMS,

    Plaintiff,

       v.

RYAN DEVLIN, *et al.*,

    Defendants.

**Civil Action No. 12-1659 (CKK)**

## MEMORANDUM OPINION
(April 23, 2015)

Plaintiff filed suit against Metropolitan Police Department (MPD) Officers Ryan Devlin and Michael Lee O'Harran on October 5, 2012, alleging malicious prosecution, assault and battery, and violations of 42 U.S.C. § 1983, specifically, false arrest, false imprisonment, conspiracy, and deprivation of civil rights, arising out of a traffic stop on October 9, 2011. Presently before the Court are the parties' objections to their Joint Pre-Trial Statement[1] and Defendants' Motion in Limine.[2] In advance of the pre-trial conference scheduled in this case for May 1, 2015, the Court

---

[1] Plaintiff's Objections to Defendants' Portion of the Joint Pretrial Statement ("Pl.'s Objs."), ECF No. [45-7]; Defendants' Opposition to Plaintiff's Objections to Defendants' Portion of the Joint Pretrial Statement ("Defs.' Opp'n"), ECF No. [45-8]; Plaintiff's Reply to Defendants' Opposition to Plaintiff's Objections to Defendants' Portion of the Joint Pretrial Statement ("Pl.'s Reply"), ECF No. [45-9]; Defendants' Amended Objections to Plaintiff's Submissions to the Joint Pretrial Statement ("Defs.' Objs."), ECF No. [45-10]; Plaintiff's Opposition to Defendants' Amended Objections to Plaintiff's Submissions to the Joint Pretrial Statement ("Pl.'s Opp'n"), ECF No. [45-11]; Defendants' Reply to Plaintiff's Opposition to Defendants' Amended Objections to Plaintiff's Submissions to the Joint Pretrial Statement ("Defs.' Reply"), ECF No. [45-12].

[2] Defendants' Motion in Limine ("Defs.' Mot. in Limine"), ECF No. [44]; Plaintiff's Opposition to Defendants' Motion in Limine ("Pl.'s Opp'n to Mot. in Limine"), ECF No. [46]; Defendants' Reply to Plaintiff's Opposition to Defendants' Motion in Limine ("Defs.' Reply to Mot. in Limine"), ECF No. [47].

has reviewed the parties' briefing of their objections and Defendants' Motion in Limine and outlines below the Court's determinations regarding the admissibility of certain evidence and the need for further briefing and documentation to determine the admissibility of the remaining evidence. The Court expects the parties to be prepared to discuss the documents and information requested below at the May 1, 2015, pretrial conference.

## I. EVIDENCE WHICH THE PARTIES HAVE WITHDRAWN OR TO WHICH THEY NO LONGER OBJECT

From the parties' briefing of their Objections to the Joint Pretrial Statement, the Court understands that the following evidence, which had originally been objected to, has either been withdrawn or is no longer objected to:

- Witness Pamela Ford: Witness withdrawn by Defendants

- MPD General Orders: Three exhibits withdrawn by Defendants

- Implied Consent Form: Exhibit withdrawn by Defendants

- MPD Event Chronology Police Report: Exhibit withdrawn by Defendants

- Defendants' Independent Medical Examination Report: Exhibit withdrawn by Defendants

- Plaintiff's Independent Medical Examination Report: Exhibit withdrawn by Plaintiff

- Transcripts from Plaintiff's criminal trial: Defendants withdrew their objection to Plaintiff using the transcripts at trial, so long as Plaintiff uses the transcripts for impeachment purposes only

The parties shall indicate to the Court whether the Court has misunderstood or omitted any of the evidence which the parties have either withdrawn or to which they no longer object.

## II. WITNESSES

2

### a.   Metropolitan Police Officer W. Hawkins

Plaintiff objects to Defendants calling Officer William Hawkins as a witness at trial on the basis that Officer Hawkins was not disclosed during discovery as having any personal knowledge about the incident at issue in this case.  Defendants contend that Officer Hawkins *was* identified during discovery in an "MPD business record . . . which clearly identifies Officer Hawkins and his role during the arrest."  Defs.' Opp'n at 2.  As neither party has provided the Court with Plaintiff's interrogatory requesting the disclosure of witnesses such as Officer Hawkins, nor have they provided Defendants' response to Plaintiff's interrogatory and the MPD business record which Defendants claim identified Officer Hawkins, it is not possible for the Court to evaluate whether Officer Hawkins was identified to Plaintiff in such a fashion that Plaintiff was on notice of Officer Hawkins' knowledge relating to the incident.  Accordingly, by no later than **12 P.M. on APRIL 28, 2015**, the parties shall provide to the Court (1) Plaintiff's interrogatory requesting the disclosure of witnesses such as Officer Hawkins, (2) Defendants' response to Plaintiff's interrogatory, and (3) the MPD business record that Defendants claim identified Officer Hawkins.

### b.   Attorney Jason M. Kalafat

Defendants object to Plaintiff calling Jason M. Kalafat, Plaintiff's attorney in the underlying criminal trial, as a witness at trial on the basis that Mr. Kalafat's identity and the substance of his testimony were not disclosed during discovery "despite this information being requested in the District Defendants' Interrogatories Nos. 10, 21, 23, and 24."  Defs.' Objs. at 3. Defendants also argue that Mr. Kalafat's proposed testimony regarding the cost of his legal fees during the criminal trial is irrelevant and prejudicial.  As an initial matter, the Court finds that testimony regarding the cost of Plaintiff's legal fees for the underlying criminal action is relevant to Plaintiff's malicious prosecution claim in so far as Plaintiff is seeking compensatory damages

3

for that claim that would include his legal fees. *See Weisman v. Middleton*, 390 A.2d 996, 999 (D.C. 1978) ("attorney's fees, compensatory damages, and punitive damages . . . traditionally have been held to be proper elements for the jury's consideration in malicious prosecution cases."). Plaintiff has only indicated that Mr. Kalafat would be testifying to the amount of his legal fees for defending Plaintiff in the criminal action; accordingly, any concern Defendants have about Mr. Kalafat testifying to the substance of the prosecution and the ultimate outcome of the criminal case and thereby prejudicing Defendants is misplaced.  In any event, it is unclear to the Court from the parties' briefing whether Defendants are contesting the amount of legal fees Plaintiff is claiming as part of his damages for his malicious prosecution claim such that testimony from Mr. Kalafat would be necessary.  Accordingly, the parties shall file a Notice with the Court by no later than **12 P.M. on APRIL 28, 2015**, indicating whether the amount of legal fees included in Plaintiff's malicious prosecution damages claim is contested.

As to Defendants' allegation that Mr. Kalafat was not identified in discovery, Plaintiff responds that he *did* disclose that he would be calling Mr. Kalafat as a witness on June 4, 2014, when Plaintiff supplemented his discovery responses.  However, June 4, 2014, was two months after the close of discovery.  Although Plaintiff presumably was aware of Mr. Kalafat's identity during the discovery period, Plaintiff does not indicate in his briefing why he did not identify Mr. Kalafat as a witness earlier.  Moreover, as Defendants have not provided the Court with Interrogatories Nos. 10, 21, 23, and 24, the Court cannot assess whether Plaintiff disregarded Defendant's discovery request in failing to identify Mr. Kalafat.  Defendants indicated at the Status Hearing on June 13, 2014, that they were going to file a Motion to Strike the evidence produced by Plaintiff after the close of discovery, but instead asked the Court to reopen discovery for the limited purpose of examining wage evidence produced by Plaintiff after the close of discovery.  In

4

their request to reopen discovery, Defendants indicated that reopening discovery as to the wage evidence would remedy any prejudice due to Plaintiff's untimely disclosure of evidence.   Defs.' Mot. to Reopen Discovery, ECF No. [33], at 4 n.1.  Defendants did not indicate then and do not indicate now why they did not seek to reopen discovery as to Mr. Kalafat.

Accordingly, Defendants shall provide the Court with Interrogatory Nos. 10, 21, 23, and 24 by no later than **12 P.M. on APRIL 28, 2015.**   In addition, Defendants shall provide a Notice to the Court explaining when and how they received Plaintiff's supplemental discovery and why they did not seek to reopen discovery as to Mr. Kalafat when they apparently learned of his identity.   Furthermore, Plaintiff shall provide the Court with a Notice providing a reason for Plaintiff's failure to identify Mr. Kalafat at an earlier date.   The parties shall also indicate in a Notice to the Court whether Plaintiff produced his attorney bills for the criminal action during discovery in this case.   Said Notices shall be provided to the Court by no later than **12 P.M. on APRIL 28, 2015**.

### c.  Treating Physicians

Finally, Defendants object to Plaintiff's treating physicians providing expert testimony and opinions at trial because Plaintiff did not provide an expert report for any of the physician-witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).   Federal Rule of Civil Procedure 26(a)(2)(B) states that disclosure of expert witnesses "must be accompanied by a written report—prepared and signed by the witness—if the witness is one *retained* or *specially employed* to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).  Defendants rely on pre-2010 cases interpreting Rule 26(a)(2)(B) to argue that a witness, such as a treating physician, for whom a 26(a)(2)(B) expert report has not been prepared can only testify as to non-

expert matters such as "their personal observations, diagnosis, and treatment of [Plaintiff]." Defs.'
Mot. in Limine, at 4. These cases are inapposite, however. The Federal Rules of Civil Procedure
were amended in 2010 in recognition of the tension within the Rules for witnesses, like treating
physicians, who "were not 'specially employed' within the meaning of Rule 26(a)(2)(B) so as to
require them to submit a detailed expert report, but [ ] were still testifying as experts." *Daniels v.
District of Columbia*, 15 F.Supp.3d 62, 69 (D.D.C. 2014) ("a treating physician who testifies as to
her diagnosis and treatment of the patient is still giving expert testimony"); *see* Fed. R. Civ. P.
26(a)(2)(C) advisory committee's note ("A witness who is not required to provide a report under
Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under
Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care
professionals and employees of a party who do not regularly provide expert testimony."). The
Federal Rules of Civil Procedure were amended to include Rule 26(a)(2)(C), which instructs
parties calling witnesses who are *not* retained or *specially employed* to provide expert testimony,
but nevertheless intend to provide expert testimony, to indicate in their expert witness disclosure
"(i) the subject matter on which the witness is expected to present evidence under Federal Rule of
Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is
expected to testify." Accordingly, a treating physician can provide expert testimony even without
an expert report so long as the expert disclosure informing the opposing party of the witness
complies with Federal Rule of Civil Procedure 26(a)(2)(C).

Plaintiff argues that all of the physician-witnesses he intends to call at trial are his treating
physicians and not physicians who have been retained or specifically employed for their expert
testimony. Pl.'s Opp'n to Mot. in Limine at 5. However, it is unclear from Plaintiff's Rule 26(a)(2)
expert disclosures whether certain physicians were in fact Plaintiff's treating physicians or just

examined Plaintiff for the purposes of this litigation.  *See, e.g.,* Pl.'s Expert Disclosures, ECF No.

[17], ¶ 5 ("The Doctor's opinions are based upon his review of the medical records, treatment *or*

*examination* of Plaintiff . . . ." (emphasis added)); *id.* ¶ 8 (disclosing Dr. Chester A. DiLallo who

conducted an Independent Medical Examination of Plaintiff).  If a physician that Plaintiff seeks to

call as a witness was a treating physician and not a retained expert witness, then the Court will find

Plaintiff's expert disclosures sufficient pursuant to Rule 26(a)(2)(C) and the physician-witness will

be permitted to provide lay and expert testimony without the limitations requested by Defendants.

If a physician was actually retained or specially employed to provide expert testimony, then

Plaintiff's expert disclosures are not sufficient since Plaintiff was required to provide a written

expert report for that witness pursuant to Rule 26(a)(2)(B).  Defendants have not conceded to

Plaintiff's argument that all of the physician-witnesses were not retained witnesses and, thus,

Defendants have preserved their objections to the sufficiency of Plaintiff's expert disclosures if

the Court finds that the physicians were retained or specially employed as expert witnesses.  *See*

Defs.' Mot. in Limine at 3 n.1.  Accordingly, Plaintiff shall file a Notice with the Court by no later

than **12 P.M. on APRIL 28, 2015**, indicating whether each disclosed physician-witness is a

physician who actually treated Plaintiff or whether the physician was retained or specially

employed to provide expert testimony.

## III.    EXHIBITS

### a.  MPD Police Reports

Plaintiff objects to Defendants introducing at trial an MPD evidence report, an MPD Use

of Force report, and a PD 119 report containing Defendant Devlin's witness statement on the basis

that the reports constitute hearsay.  Defendants contend that the reports are admissible because

they fall under the business records exception to hearsay.  *See* FRE 803(6).  However, neither party

has provided the Court with a copy of the actual reports making it impossible for the Court to determine whether the police reports and their contents fall under a hearsay exception that would make them admissible at trial. Accordingly, Defendants shall provide the Court with the three police reports they are seeking to introduce at trial by no later than **12 P.M. on APRIL 28, 2015.**

### b. Plaintiff's Jacket

Defendants object to Plaintiff introducing at trial the jacket Plaintiff wore the night of the incident at issue on which, Plaintiff claims, Defendants' boot-prints can be seen. Defendants argue that Plaintiff should be precluded from introducing the jacket because Plaintiff never produced the jacket during discovery "despite this information being requested in the District Defendants' Interrogatory to Williams No. 22." Def.'s Objs. at 5. Plaintiff argues that he did disclose the jacket on June 4, 2014, when Plaintiff supplemented his discovery responses, however, this occurred two months after the close of discovery. Although Plaintiff presumably had possession and control of the jacket from the time of his arrest in 2011, Plaintiff does not indicate why he did not produce the jacket earlier. As discussed above, Defendants indicated at the Status Hearing on June 13, 2014, that they were going to file a Motion to Strike the evidence produced by Plaintiff after the close of discovery, but instead asked the Court to reopen discovery for the limited purpose of examining wage evidence produced by Plaintiff after the close of discovery. In their request to reopen discovery, Defendants indicated that reopening discovery as to the wage evidence would remedy any prejudice due to Plaintiff's untimely disclosure of evidence. Defs.' Mot. to Reopen Discovery, ECF No. [33], at 4 n.1. Defendants did not indicate then and do not indicate now why they did not seek to reopen discovery as to the jacket and how they are prejudiced by Plaintiff's failure to timely produce the jacket. Furthermore, as Defendants have not provided the Court with Interrogatory No. 22, the Court cannot assess whether Plaintiff disregarded Defendant's discovery

request in failing to produce the jacket.

Accordingly, Defendants shall provide the Court with Interrogatory No. 22 by no later than **12 P.M. on APRIL 28, 2015.**   In addition, Defendants shall provide a Notice to the Court explaining how they were prejudiced by Plaintiff's late production of the jacket, when and how they received Plaintiff's supplemental discovery, and why they did not seek to reopen discovery as to Plaintiff's jacket when they learned of the jacket.   Furthermore, Plaintiff shall provide the Court with a Notice providing a reason for Plaintiff's failure to produce the jacket at an earlier date.   The parties' Notices shall be provided to the Court by no later than **12 P.M. on APRIL 28, 2015**.   Plaintiff shall also bring the jacket to the May 1, 2015, pretrial conference.

### c.   Citations, Tickets, and Collection Notice

Defendants also object to Plaintiff introducing at trial "citations and collection notices" issued by Defendants on the basis that they are irrelevant and prejudicial.   Plaintiff argues that this evidence is relevant because it shows that "the officers were responsible for the charges in the malicious prosecution and it is direct evidence of what they charged Plaintiff with."   Pl.'s Opp'n at 7.   Neither party has provided the citations and collection notices nor given any description of what information is in the citation and collection notices and what exactly these notices relate to. It is also unclear to the Court whether it is even contested that the officer-defendants were responsible for the charges underlying Plaintiff's malicious prosecution claim or whether the parties contest what Plaintiff was charged with.   Without this information, the Court is unable to evaluate the relevance of this evidence or any potential prejudicial effect it may have if introduced at trial.   Accordingly, Plaintiff shall provide a copy of the citations and collections notices that Plaintiff is seeking to introduce at trial by no later than **12 P.M. on APRIL 28, 2015.**   Furthermore, by no later than **12 P.M. on APRIL 28, 2015**, each party shall file a Notice indicating whether it

is contested that the officer-defendants were responsible for the charges underlying Plaintiff's malicious prosecution claim and whether the parties contest what Plaintiff was charged with.

### d.  Lost Wage Documents

#### i.  Summary of Wages

In addition, Defendants object to Plaintiff introducing at trial a summary of wage information from SYSCO Corporation on the basis that Plaintiff did not provide Defendants with the underlying documents summarized in the wage documentation as required by Federal Rule of Evidence 1006.  Plaintiff responds that the summary should not be precluded because Plaintiff will have a witness lay the foundation for the document and because the summary is considered a business record under Federal Rule of Evidence 803(6).  The Court has reviewed the SYSCO wage summary provided by Defendants with their Motion in Limine.  *See* Defs.' Mot. in Limine, Ex. 2, ECF No. [44-2].  It is unclear from the wage document itself and the information provided to the Court in the parties' briefing how the wage document was generated.  If the wage document was generated in the normal course of business, then Plaintiff must have a witness from SYSCO Corporation testify at trial as to how the document was put together in the normal course of business and lay a foundation for the document to be introduced as a business record.  If the document is being presented as a summary of voluminous documents pursuant to Federal Rule of Evidence 1006, Plaintiff must immediately produce to Defendants the documents underlying the summary and provide a witness to testify at trial as to how the summary was put together.  This will be discussed at the May 1, 2015, pretrial conference.

#### ii.  Disability Slips

Defendants also object to Plaintiff introducing at trial a loss of time claim form and disability slips from Plaintiff's physicians on the basis that these documents constitute hearsay.

The Court notes that Plaintiff intends to call as witnesses all of the physicians who signed the loss of time claim form and the disability slips.  As such, the physicians can authenticate these documents and testify as to their determination—reflected in the documents—that Plaintiff could not work.  Accordingly, the Court hereby DENIES Defendants' Motion in Limine as to the loss of time claim form and the disability slips.

## IV.   OTHER OBJECTIONS

### a.   Reference to Criminal Trial

Finally, Defendants object to Plaintiff introducing at trial any testimony or evidence regarding the outcome of Plaintiff's criminal proceeding on the basis that such evidence is irrelevant and prejudicial.  Defendants' contend that "[a] termination of the underlying suit in favor of [Plaintiff] is an element of his malicious prosecution claim, but that is a 'question of law normally to be determined by the trial court . . .' " not the jury.  Defs.' Mot. in Limine at 6.  Plaintiff agrees that whether or not the underlying criminal case terminated favorably to Plaintiff is normally a question of law to be determined by the trial court.  *See* Pl.'s Opp'n to Mot. in Limine at 6.  However, Plaintiff notes that "if a proceeding is terminated other than on the merits, there may be disputed facts that the jury must find in order to determine whether there has been a favorable termination."  *Id.*

Here, it appears that Plaintiff's DUI charge was dismissed and that Plaintiff was acquitted by a jury of the assault on a police officer charge.  Defs.' Mot. in Limine, at 7.  While the acquittal is clearly a favorable termination on the merits for Plaintiff, it is not clear to the Court from the parties' briefing at what point Plaintiff's DUI charge was dismissed and the basis for the dismissal. It is also not clear to the Court if Defendants are even disputing that the underlying criminal prosecution terminated favorably to Plaintiff.  *See* Pl.'s Opp'n to Mot. in Limine, at 7 ("before this

prong of the in limine motion may be resolved, it must be determined whether the Defendants intend to challenge the element of favorable termination"); Defs.' Reply to Mot. in Limine, at 4 ("*Brown* is inapposite here because here, there was a termination on the merits: Williams was acquitted of the criminal charges.").  If Defendants do not dispute that the underlying criminal prosecution terminated favorably to Plaintiff or the nature of the termination is clearly a question of law for the Court to decide, Plaintiff will be precluded from introducing any evidence about the criminal prosecution and its outcome to the jury.  However, it would be proper for the Court to instruct the jury that the "favorable termination" element has been met when instructing the jury as to Plaintiff's malicious prosecution claim.

Accordingly, Defendants shall file a Notice with the Court by no later than **12 P.M. on APRIL 28, 2015**, indicating whether they are disputing that the underlying criminal prosecution terminated favorably for Plaintiff.  If Defendants are disputing that this element of Plaintiff's malicious prosecution claim has been met, Defendants shall indicate in their Notice at what point Plaintiff's DUI charge was dismissed and the basis for the dismissal.

### b.  Jury Instructions

The Court will be providing additional information in relation to Defendants' objections to Plaintiff's proposed jury instructions at a later time.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE