UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERECK G. WILLIAMS,
    Plaintiff

v.

RYAN DEVLIN, *et al.*,
    Defendants

Civil Action No. 12-1659 (CKK)

**MEMORANDUM OPINION and ORDER**
(October 22, 2015)

    On May 1, 2015, the Court held a Pretrial Conference in this case, at which the Court made several rulings as to the evidentiary issues raised. *See* Order dated May 5, 2015, ECF No. 55. The Court also ordered additional briefing as to several issues that could not be resolved on the basis of the information that had been provided to the Court at that time. The parties subsequently filed additional briefing, and the Court now resolves evidentiary issues that remain with respect to Defendants' [44] Motion in Limine and with respect to each party's objections to the Pretrial Statement.

    With respect to several of the issues discussed below, the Court will have a further discussion at the October 23, 2015, Pretrial Conference. ***In addition to the presence of counsel, the Court expects Plaintiff himself to be present at the Pretrial Conference in order to facilitate those discussions.***

**Plaintiff's Jacket**

    It is undisputed that Plaintiff did not disclose his jacket during discovery. Because it was not disclosed during discovery, the parties appear to agree that the only possible basis for admitting this evidence is the exception to the disclosure provisions of Rule 26(a) for evidence used "solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii); *see also Standley v. Edmonds-Leach*, 783 F.3d 1276, 1281 (D.C. Cir. 2015) ("In other words, a party need not disclose a witness pursuant to Rule 26(a) if the evidence will be used 'solely for impeachment,' and the witness may testify at trial even if not disclosed beforehand."). Plaintiff now seeks to introduce the jacket for what he claims is "solely for impeachment." Specifically, Plaintiff represents that the jacket contains boot-prints that directly contradict the testimony that Defendants will give (that they did not kick Plaintiff). Defendants argue that that jacket does not qualify for the "solely impeachment" exception.

    The Court will consider the admissibility of the jacket after it has an opportunity to examine the jacket at the October 23, 2015, Pretrial Conference. However, the Court notes the prejudice raised by Defendants from Plaintiff's failure to disclose the jacket in discovery—and from Plaintiff's failure to produce the jacket even at this point of the

proceedings. In addition, the Court notes that, as Defendants have stated, Plaintiffs have not provided any details about the chain of custody or how the jacket's condition has been preserved since Plaintiff's arrest. Plaintiff seeks to present testimony from Kalafat "as to his chain of custody related to possession of Plaintiff's jacket." Pretrial Statement, ECF No. 45, at 9. But Plaintiff has never provided any additional specifics regarding the custody and preservation of the jacket in the four years since the underlying incident occurred.

*Plaintiff's counsel shall bring the jacket to the October 23, 2015, Pretrial Conference as previously ordered by the Court. Plaintiff shall be prepared to make a proffer as to the chain of custody and preservation of the jacket.* The Court will resolve the questions regarding its admissibility after that point.

**Testimony of Attorney Jason Kalafat**

Plaintiff seeks to introduce testimony of attorney Jason Kalafat regarding the amount of attorneys' fees at the associated criminal trial and about the custody of the jacket that Plaintiff seeks to introduce as an exhibit. Defendant seeks to preclude this testimony because this witness was disclosed only after the close of discovery. As an initial matter, the Court previously concluded that Kalafat's proposed testimony regarding the cost of Plaintiff's legal fees for the underlying criminal action is relevant to Plaintiff's malicious prosecution claim insofar as Plaintiff is seeking compensatory damages for that claim that would include his legal fees. *See* Memorandum Opinion, dated April 23, 2015, ECF No. 49, at 3-4. The Court also concluded that, because of the limits to Kalafat's proposed testimony as to legal fees, any concern about prejudice caused to Defendants by virtue of the substance of the testimony is misplaced. *See id.* at 4. Subsequently, pursuant to the Court's order, Defendants clarified that they are contesting the amount of legal fees to be included in damages with respect to the malicious prosecution claim.

There is no dispute that Plaintiff disclosed Kalafat as a witness on June 4, 2014, when Plaintiff supplemented his discovery responses. That date was *two months* after the close of discovery. Plaintiff claims that, even though this disclosure was two months after the close of discovery, the testimony should be allowed because *Defendants'* failed to reopen discovery in connection with this witness, even though they requested the reopening of discovery regarding the wage evidence. In response to these contentions, the Court required Plaintiff to explain why he did not identify Kalafat's testimony during discovery and required Defendants to explain why they did not seek to reopen discovery as to Kalafat's testimony. The Court also required Defendants to provide the Court with certain specified interrogatories in order to determine whether Plaintiff disregarded Defendants' discovery requests in failing to identify Kalafat.

After considering Defendants' Interrogatories Numbers 10, 21, 23, and 24, the Court concludes that Plaintiff should have identified Kalafat explicitly. In that light, the Court

concludes that Plaintiff's explanation of why Kalafat was not identified is inadequate. Plaintiff states: "Plaintiff's counsel did not decide to use Mr. Kalafat as a witness until after analyzing the evidence as a whole that was presented in discovery and after learning of Plaintiff's jacket in which Plaintiff counsel learned of after discovery closed." Pl.'s Notice at 2-3, ECF No. 51. However, Plaintiff does not explain why he failed to identify Kalafat explicitly in response to the interrogatories with respect to the damages sought. Nor does Plaintiff have any justification for failing to "learn of" Plaintiff's jacket until after discovery given that the jacket belonged to Plaintiff. If the Court subsequently determines that the jacket is inadmissible, the testimony regarding the custody of the jacket would be immaterial, further supporting the conclusion that Kalafat's testimony is inadmissible.

By contrast, the Court concludes that Defendants' explanation of why they did not seek to reopen discovery is adequate. Defendants explain that, in addition to their position that the late-disclosed witness would be barred because there was no adequate explanation for the late disclosure, they did not seek to reopen discovery because "Mr. Kalafat's only arguably relevant testimony would pertain to his legal fees, which Plaintiff totally failed to produce during discovery or even after." Defs.' Notice, ECF No. 50, at 2. Although contested by Defendants, Plaintiff states that he disclosed the fact that he incurred legal fees from Kalafat during discovery and that he revealed the total amount of those fees during his first deposition, which occurred during the discovery period. Plaintiff acknowledges that he did not produce any bills—or any other supporting details or documentation—during discovery. *See* Pls.' Notice, ECF No. 51, at 2. The Court concludes that this was insufficient to put Defendants on notice that it would be proper to reopen discovery with respect to the prior legal bills.

In addition, Plaintiff has failed to comply with the Court's May 5, 2015, Order requiring Plaintiff to file a supplemental briefing regarding the testimony of Kalafat. Specifically, the Court required Plaintiff to submit briefing regarding the following matters:

> Plaintiff shall file a supplemental brief indicating how much Plaintiff paid in attorney's fees for the underlying criminal action and how Plaintiff paid those fees (e.g., in cash, by check), including whether he received a bill for the fees charged. Plaintiff shall also indicate where in the interrogatories and where in Plaintiff's deposition testimony Plaintiff discussed the amount of attorney's fees he paid for his underlying criminal trial. Plaintiff shall cite to and attach the specific page(s) where the attorney's fees are discussed in the interrogatories and/or deposition.

Order, dated May 5, 2015, ECF No. 55, at 2. In Plaintiff's [60] Supplemental Trial Brief, Plaintiff completely failed to respond to any of these questions. Plaintiff merely responds that the responsibility for failing to reopen discovery lies at Defendants' doorstep, and claims that Defendants' strategically failed to reopen discovery in order preclude

3

Kalafat's testimony. As of this date, Plaintiff still has not provided any basis for Kalafat's testimony regarding attorney's fees. Plaintiff has never provided bills, evidence of payment, a retainer agreement, a fee agreement, or itemized timesheets. Nor has Plaintiff provided any details regarding Plaintiff's payment arrangements with Kalafat, whether they entailed a fixed fee, an hourly rate, or other arrangements. It is wholly unclear what testimony Kalafat would give as to the payment arrangements or his receipt of any payment from Plaintiff if he were allowed to testify. Now, as the Court holds the second Pretrial Conference in this case and as the Court prepares to set a trial date, it is too late for Plaintiff to remedy the failure to respond to the Court's order and too late to provide materials that might create a basis for Kalafat's testimony.

In sum, Defendants have adequately explained why they did not seek to reopen discovery as to the testimony of Kalafat, but Plaintiff has failed to explain why he did not identify the testimony of Kalafat during discovery and, more importantly, Plaintiff has failed to show that he disclosed an adequate basis for the attorney's fees testimony during discovery. Therefore, testimony by attorney Jason Kalafat is precluded as to attorney's fees.

**Testimony of Plaintiff Regarding Attorney's Fees for Criminal Proceedings**

In addition to the testimony of attorney Jason Kalafat, Plaintiff seeks to introduce testimony of Plaintiff about his payment of attorney's fees to Kalafat. At the May 1, 2015, Pretrial Conference, Plaintiff stated to his attorney, and through his attorney to the Court, that he paid Kalafat $10,000 in cash. He did not provide any more details regarding the payments or payment arrangements. At the hearing, and in the Order the Court issued following the hearing, the Court required Plaintiff to supplement the information regarding payment(s) to Kalafat and the payment arrangements. As stated above, the Court required the following information:

> Plaintiff shall file a supplemental brief indicating how much Plaintiff paid in attorney's fees for the underlying criminal action and how Plaintiff paid those fees (e.g., in cash, by check), including whether he received a bill for the fees charged. Plaintiff shall also indicate where in the interrogatories and where in Plaintiff's deposition testimony Plaintiff discussed the amount of attorney's fees he paid for his underlying criminal trial. Plaintiff shall cite to and attach the specific page(s) where the attorney's fees are discussed in the interrogatories and/or deposition.

Order, dated May 5, 2015, ECF No. 55, at 2. Plaintiff has failed to do so.

*In light of Plaintiff's failure to provide this information, both parties shall bring the interrogatories and the deposition of Plaintiff that are relevant to this question to the October 23, 2015, Pretrial Conference. Plaintiff shall come prepared to identify where in the deposition and/or in the interrogatory responses Plaintiff indicated the amount of the attorney's fees and provided any information about payments or payment*

4

*arrangements. Defendants shall come prepared to show where, as they argue, Plaintiff should have indicated information about payments or payment information, but failed to do so. If Plaintiff cannot identity information in the discovery materials that indicate what Plaintiff's testimony would be on these issues at trial, Plaintiff must come to the hearing with a proffer as to precisely what Plaintiff's testimony will be at trial pertaining to any payments of attorney's fees and any payment arrangements regarding attorney's fees.*

**References to Disposition of Criminal Charges**

The Court previously determined that, because the parties do not dispute that the assault on a police officer charge terminated favorably for Plaintiff, it would instruct the jury that the "favorable termination" element of the malicious prosecution claim was satisfied as to this charge. *See* Order, dated May 5, 2015, ECF No. 55, at 4. The Court requested additional briefing regarding the factual context of the dismissal of the DUI charge against Plaintiff. In response, Defendant reported that a jury trial was set to commence on October 25, 2012, on one count of Operating While Impaired and one count of Driving under the Influence–First Offense. Defs.' Supp. Brief, ECF no. 56, at 3-4. Defendant further reported that, on the day the trial was set to begin, the defense moved to dismiss for want of prosecution and the court dismissed the case, including both counts, without prejudice. Defendants finally report that the public docket for that case includes a note that the "government was not ready." Plaintiff argues that a jury should decide the question of "favorable termination" regarding this charge and asserts that "the case was dismissed because the government did not want to proceed in light of Defendants [sic] incredible testimony which was based on the merits of his trial."[1] However, Plaintiff does not indicate any support for this bald assertion. Nor does Plaintiff identify any factual disputes regarding the disposition of this charge that remain for a jury to resolve.

To prevail on a claim for malicious prosecution under District of Columbia law, a Plaintiff must show termination of the underlying suit in the Plaintiff's favor. *Harris v. D.C.*, 696 F. Supp. 2d 123, 134 (D.D.C. 2010). Furthermore, "the termination must reflect

---

[1] It is not clear to the Court what Plaintiff means to suggest by describing the disposition of the charges as follows: "although the docket 'may' contain the note that it was dismissed for want of prosecution … " Pl.'s Response to Def.'s Supp. Trial Brief, ECF No.63, at 4. Plaintiff does not dispute that the public docket, in fact, contains such a note. Indeed, the Court's own review of the public docket confirms Defendants' representations regarding the disposition of the criminal trial. Moreover, Plaintiff's suggestion that Defendants initially sought to bar mention of *only* the criminal trial on the assault on the police officer claim—as opposed to the operating under the influence charges—is without any basis. Defendants' [44] Motion In Limine self-evidently applies to any mention of all the criminal charges brought against Plaintiff.

on the merits of the underlying action." *Brown v. Carr,* 503 A.2d 1241, 1245 (D.C. 1986). In *Brown*, the District of Columbia Court of Appeals adopted the approach of the California courts to malicious prosecution claims. *Harris*, 696 F. Supp. 2d at 134. Accordingly, " '[i]f [the termination] is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, ... it does not constitute favorable termination.' " *Id.* (quoting *Brown*, 503 A.2d at 1245). "[D]ismissal for failure to prosecute has been held to be a favorable termination *where* the facts of the case indicate that such a disposition reflects on the innocence of the defendant in the underlying suit." *Brown*, 503 A.2d at 1245 (emphasis added).

   Here, the operating under the influence charges were dismissed without prejudice. The public docket contains a note stating that they were dismissed because the "government was not ready." "[A] dismissal without prejudice 'renders the proceedings a nullity and leave[s] the parties as if the action had never been brought.' " *Thoubboron v. Ford Motor Company,* 809 A.2d 1204, 1210 (D.C. 2002) (quoting *Bonneville Assocs. Ltd. v. Barram,* 165 F.3d 1360, 1364 (Fed. Cir. 1999) (citations omitted)). Plaintiff has failed to identify any facts that, if proven, "would demonstrate that termination was on the merits." *Harris*, 696 F. Supp. 2d at 134. Therefore, the Court concludes that there is nothing for a jury to resolve regarding the favorable termination on the operating under the influence charges. For that same reason, the Court concludes that Plaintiff cannot prevail on the malicious prosecution with respect to the operating under the influence charges.[2]

   Because there is nothing left for a jury to resolve regarding the question of favorable termination of the operating under the influence charges that are the basis for the malicious prosecution claim, in light of the notices and responses filed by the parties after the first Pretrial Conference in this case, the Court grants Defendants' [44] Motion in Limine with respect to testimony regarding those underlying criminal prosecutions. The Court precludes any testimony or evidence regarding those underlying criminal actions (i.e., Driving under the Influence–First Offense, Operating While Impaired, and Assault on a Police Officer).

---

[2] The Court notes that Defendants' proposed jury instructions regarding the malicious prosecution claim includes language stating that the jury must determine whether the voluntary dismissal of the operating under the influence charges "should be considered a favorable termination." However, this statement contradicts Defendants' arguments elsewhere that this matter is for the Court to decide and that there is no basis to consider this dismissal a favorable termination. Because the parties have identified no factual disputes that are necessary to the resolution of the question of favorable termination, the Court concludes that, as a matter of law, the Plaintiff cannot prevail on the favorable termination element of the malicious prosecution claim with respect to the operating under the influence charges that were dismissed for failure to prosecute.

**Citation/Tickets and Collection Notices**

Plaintiff seeks to introduce two citations (tickets) for traffic infractions—for passing a stop sign—and two collection notices with respect to those citations. In the Court's May 5, 2015, Order, the Court required Plaintiff to indicate, in supplemental briefing, whether he would be withdrawing these exhibits and, if not, to indicate the relevance of these exhibits to his malicious prosecution claim. Plaintiff only agreed to do withdraw the exhibits if Defendants agreed to a stipulation regarding the criminal charges; Defendants have not agreed to such a stipulation. Regarding the purpose of this proposed exhibit, Plaintiff only states that "the purpose … is to identify/corroborate Plaintiff's criminal charges, and show that Defendants are responsibility [sic] for Plaintiff's charges." Pl.'s Supp. Brief, ECF No. 60, at 2-3. However, Plaintiff does not indicate what this evidence corroborates given that the malicious prosecution claim is based on the operating under the influence charges and the assault on a police officer charge—not based on passing a stop sign, which is the basis for this exhibit. Moreover, as the Court explained previously, the Court will instruct the jury regarding the favorable termination of the assault on the police office claim, and the Court concludes that the malicious prosecution cannot stand on the operating under the influence charges. Therefore, further corroboration as to the charges has no relevance to the claims in this case. The Court precludes Plaintiff from introducing the citation, tickets, and collection notice.

**MPD Use of Force Report and PD 119 Witness Statement from Officer Devlin**

Defendants continue to seek to introduce the MPD Use of Force Report and the PD 119 Witness Statement from Officer Devlin in order to corroborate the testimony that will be given by the officers at trial.[3] Plaintiff objects to the introduction of these reports, arguing that the reports in their entirety are inadmissible hearsay. Defendants respond that the reports are admissible as business records pursuant to Federal Rule of Evidence 803(6) and that statements by the officers recorded within these documents are admissible as present sense impressions pursuant to Federal Rule of Evidence 803(1).

Plaintiff is correct that the Court must examine first whether the documents themselves are barred by the hearsay rule and then examine whether any specific statements within those documents are barred by the hearsay rule. However, before turning to the applicability of the hearsay exceptions, the Court notes that corroboration is not an improper purpose for introduction of business records as Plaintiff suggests; if the hearsay rule does not bar their admission, they are admissible as direct evidence, whether to corroborate other evidence or otherwise. *See United States v. Warren*, 42 F.3d 647, 656 (D.C. Cir. 1994) (statements in police reports admissible as direct evidence); *see also Jones v. United States*, 934 F. Supp. 2d 284, 289 (D.D.C. 2013) (police report admissible

---

[3] Defendants have withdrawn the MPD Evidence Report as an exhibit.

as direct evidence under business record exception to hearsay rule); *Brown v. Wilhelm*, 923 F. Supp. 2d 314, 318 (D.D.C. 2013) (same).

The Court now turns to the applicability of hearsay exceptions to these police reports and their contents: first, as to whether the documents, as a whole, are barred by the hearsay rule and then as to whether any portions of the content of the documents are inadmissible hearsay.

With respect to the documents as a whole, the Court concludes that two exhibits are admissible as business records pursuant to Rule 803(6) *on the condition* that they are properly authenticated. Defendants' representation that the records were made by the arresting officers supports the conclusion that "the record was made at or near the time by … someone with knowledge." Fed. R. Evid. 803(6).

While Plaintiff claims that Defendants are wrongly trying to admit these documents as prior consistent statements, Defendants have explicitly disclaimed that they are seeking to admit the statements as prior consistent statements pursuant to Rule 801(d)(1)(B). Because the records meet the criteria for the business records exception to the hearsay bar—an exception to the hearsay rule that is wholly independent of the prior consistent statement provision—whether they satisfy the criteria for prior consistent statements is simply immaterial.[4] Similarly, unless statements within the record are themselves barred by the application of the hearsay rule, the Court need not determine the applicability of the present sense impression exception to the hearsay rule. *See* Fed. R.

---

[4] Statements are admissible as prior consistent statements, pursuant to Rule 801(d)(1), when a "declarant testifies and is subject to cross-examination about a prior statement, and the statement … is consistent with the declarant's testimony and is offered … (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B). Defendants are not seeking to introduce the statements in the report "to rebut an express or implied charge" of fabrication or improper motive to "rehabilitate the declarant's credibility." They are seeking to admit the statements as direct evidence under the business record exception to the hearsay rule. As the Court stated above, introducing these business records for the purpose of direct evidence is not improper. *See United States v. Warren*, 42 F.3d at 656. It is immaterial whether the records might, in certain circumstances, be admissible as prior consistent statements, and it is similarly immaterial that Plaintiff claims that, in these circumstances, the reports would not be admissible as prior consistent statements. Defendants do not seek to admit the statements on this basis, and the Court has determined that they are admissible under the business records exception to the hearsay. Accordingly, it is not necessary to conduct further analysis to determine whether the statements would be admissible as prior consistent statements.

Evid. 803(1). The reports themselves are admissible even without applying that exception.

The Court now turns to the content of the two business records—the Use of Force Report and the PD 119 Witness Statement. It appears that the information in the report was either within the personal knowledges of the officer who gave the statement or statements by Plaintiff. Statements within those reports that were within the personal knowledges of the officer creating the report are not barred by the hearsay rule. *See United States v. Gurr*, 471 F.3d 144, 151 (D.C. Cir. 2006) (citing *United States v. Smith,* 521 F.2d 957, 964 (D.C. Cir. 1975)). In addition, statements by Plaintiff within the narrative portions of the reports are admissible as statements of a party opponent. *See* Fed. R. Evid. 801(d)(2). At the May 1, 2015, Pretrial Conference, Plaintiff's counsel stated that she had not yet gone through the several reports line by line to determine whether she had any objections to specific statements within the report itself on hearsay or other grounds. The Court provided Plaintiff's counsel an additional opportunity to identify any hearsay within hearsay by filing a supplement after the hearing. While Plaintiff did file a supplement, Plaintiff did not specifically identify any hearsay within hearsay in the reports or other objections to statements in the reports. The Court will provide Plaintiff one last opportunity to do so. ***If Plaintiff disagrees with the Court's assessment of the statements in the two reports and objects to the admissibility of any specific statements within the reports, Plaintiff must be prepared to identify those objections—to specific statements or phrases—at the October 23, 2015, Pretrial Conference. If Plaintiff does not raise those specific objections at the Pretrial Conference, the Court will consider those objections waived. No more opportunities to object to such statements will be allowed.***

In sum, the Court concludes that the two exhibits are not barred by the hearsay rule, and it appears that the contents of the exhibits are not barred by the hearsay rule either. Plaintiff must raise any objections to specific statements within the records at the October 23, 2015, Pretrial Conference or the Court will consider those objections waived. Otherwise, these two exhibits are admissible if they are properly authenticated and if testimony at trial supports the conclusion that the information within the exhibits was *either* within the direct knowledge of Officer Devlin, who made the statement in the PD 119 Witness Statement and who prepared the Use of Force Report *or* consisted of statements by Plaintiff.

**Summary of Wage Information**

Plaintiff's counsel indicated at the May 1, 2015, Pretrial Conference that she intended to introduce the summary of wage information as a business record and that someone from SYSCO would testify to authenticate it, including testifying how the document was put together during the normal course of business. Accordingly, on the condition that such testimony is provided, the Court concludes that the summary of wage information
9

will be admissible as a business record.[5] The Court notes that, although the Court considers the underlying wage information to be useful in explaining the summary of wage information submitted, as the Court stated at the May 1, 2015, Pretrial Conference and in the Court's [55] Order dated May 5, 2015, the inability of the parties to produce the underlying wage information does not lead the Court to conclude that the wage information is inadmissible. Accordingly, the Court denies Defendants' [44] Motion in Limine insofar as it seeks to preclude the introduction of the summary of wage information.

**Claims and Jury Instructions**

While the Court will consider the proposed jury instructions separately, the Court wants to ensure that there is no lack of clarity regarding the common law and federal claims that Plaintiff is bringing in this action. To ensure that the jury instructions are appropriate as to the claims brought, the Court enumerates here the claims that it appears that Plaintiff is bringing in this action:

- False arrest claim pursuant to 42 U.S.C. § 1983
- False imprisonment claim pursuant to 42 U.S.C. § 1983
- Deprivation of civil rights claim (that is, excessive force) pursuant to 42 U.S.C. § 1983
- Common law malicious prosecution claim
- Common law assault and battery claim

The Court understands each claim to be brought against Officer Devlin and against Officer O'Harran. ***The parties should be prepared to inform the Court, at the October 23, 2015, Pretrial Conference whether there are any disputes or lack of clarity regarding the claims in this action.***

**Orders**

It is hereby **ORDERED** that

- testimony by attorney Jason Kalafat is precluded as to attorney's fees and is held in abeyance regarding the jacket;
- testimony regarding the underlying criminal actions is precluded, but the Court will instruct the jury regarding the favorable termination element of the malicious prosecution charge as stated above;

---

[5] There is, therefore, no need to consider further whether the information would be admissible pursuant to Federal Rule of Evidence 1006 as a summary of voluminous documents.

- the admission of the citation, tickets, and collection notice is precluded;

- the MPD Use of Force Report and the PD 119 Witness Statement of Officer Devlin are admissible on the conditions stated above; and

- the documentation of lost wages that has been submitted is admissible on the conditions stated above.

As explained above, the Court will instruct the jury that the favorable termination element of the malicious prosecution claim has been met only with respect to the assault on the police officer claim. Accordingly, it is further **ORDERED** that Defendants' [44] Motion in Limine is GRANTED with respect to the introduction of evidence or testimony about the prosecution of the underlying criminal charges (Assault on a Police Officer, Operating while Impaired, and Driving under the Influence).

The Court previously determined that the treating physicians and Dr. Chester DiLallo could provide expert testimony. Order dated May 5, 2015, ECF No. 55. Accordingly, it is further **ORDERED** that Defendants' [44] Motion in Limine is DENIED with respect to the preclusion of testimony regarding the cause, prognosis, or permanency of Plaintiff's alleged injuries.

It is further **ORDERED** that Defendants' [44] Motion in Limine is DENIED with respect to the documentation of lost wages.

It is further **ORDERED** that Plaintiff counsel shall provide Plaintiff's jacket at the October 23, 2015, Pretrial Conference in order for the Court and the Defendants to examine the jacket. Plaintiff shall be prepared to make a proffer as to the chain of custody and preservation of the jacket. The Court will rule on the admissibility of the jacket after the opportunity to examine the jacket.

It is further **ORDERED** that

- Plaintiff shall be present at the October 23, 2015, Pretrial Conference in order to facilitate the discussions of the remaining issues.

- Both parties shall bring the interrogatories and the deposition of Plaintiff that are relevant to payment of attorney's fees and the payment arrangements with respect to attorney's fees to the October 23, 2015 Pretrial Conference. Plaintiff shall come prepared to identify where in the deposition and/or in the interrogatory responses Plaintiff indicated the amount of the attorney's fees and provided any information about payments or payment arrangements. Defendants shall come prepared to show where, as they argue, Plaintiff should have indicated information about payments or payment information, but failed to do so. If Plaintiff cannot identity information in the discovery materials that indicate what Plaintiff's testimony would be on these issues at trial, Plaintiff must come to the hearing with a proffer as to precisely what Plaintiff's

11

testimony will be at trial pertaining to any payments of attorney's fees and any payment arrangements regarding attorney's fees.

- If Plaintiff continues to object to the admissibility of any specific statements within the Use of Force Report and the PD 119 Witness Statement, Plaintiff must be prepared to identify those objections—to specific statements or phrases—at the October 23, 2015, Pretrial Conference. If Plaintiff does not raise those specific objections at the Pretrial Conference, the Court will consider those objections waived. No more opportunities to object to such statements will be allowed.

- The parties should be prepared to inform the Court, at the October 23, 2015, Pretrial Conference whether there are any disputes or lack of clarity regarding the claims in this action as set out above.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge